■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SOLOMON BLOOM, Appellant.— Judgment, Supreme Court, New York County, rendered on October 15, 1971, affirmed. Concur — Stevens, P. J., Kupferman and Murphy, JJ.; Markewich, J., dissents in the following memorandum: Certainly the sentence of one year imposed upon defendant-appellant is not excessive when his background and record are considered. The difficulty I perceive is that the plea of guilty is clouded by the doubt, however small, that it did not rest upon his belief that he had been promised a sentence of no more than 90 days in return for the plea. The doubt is occasioned by several factors found in the record, all pointing, perhaps not irresistibly but pointing, nevertheless,

to there having been an off-the-record Bench conference before the plea was entered: discussion of "waiver" of the probation report; adjournment of sentence without request for a report, and with judicial knowledge of defendant's record, to the time when a longer sentence would be impermissible in the absence of a report; the court's reference to relative unimportance of the crime charged; reference, undenied, to the bench conference; substitution of prosecutors between court appearances, attended by later prosecutorial insistence on a report — all factors reminiscent of the circumstances in *Santobello* v. *New York* (404 U. S. 257). As said in another context: "The State is not so short of grist for its criminal mill that it must absorb convictions obtained in the * * * circumstances present here." (*People* v. *Flowers*, 30 N Y 2d 315.) A hearing of less than an hour on defendant's application to withdraw his plea would have resolved all doubt as to what had taken place at the conference. It is not too late for it to be held now, and I would vacate and remand accordingly.